## Roberts & Corley v. G. Feringer.

### Decided October 14, 1908.

**Note—Consideration—Evidence—Pleading.**

A debt to become due in the future for rents due by defendant to third parties could not be made the consideration of a note by defendant to plaintiffs, agents for such third parties, in their own right. Pleading considered under which defendant was held entitled to prove by parol evidence such to have been the consideration, in part, of a note sued on. A finding of such fact, with proof of the payment of the full amount actually due plaintiff on the note and also of the rents included in it held to support a judgment for defendant, even if plaintiffs had acquired the right to the rents or authority to collect them for such third parties.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Glasscock & White,* for appellants.—The court erred in failing and refusing to construe the contract in writing, and in submitting to the jury the question, "Did the note sued upon include, as a part of its consideration, the rentals under said Cartwright and Roberts lease?" leaving it to the jury to construe such contract and to determine therefrom whether the defendant agreed to pay both the note and lease rentals, or only the note. Soell v. Haddon, 85 Texas, 187; Harvey v. Cummings, 68 Texas, 605; Adoue & Lobit v. Jemison & Co., 65 Texas, 683.

Where the terms of a contract or agreement between parties are reduced to writing, evidence of a contemporaneous parol agreement is not admissible. Coverdill v. Seymour, 94 Texas, 8; Sanborn v. Murphy, 86 Texas, 441; Watson v. Miller Bros., 82 Texas, 284; DuBois v. Rooney, 82 Texas, 176; Earle v. Marx, 80 Texas, 42; Roundtree v. Gilroy, 57 Texas, 180; Belcher v. Mulhall & Scaling, 57 Texas, 19; Heirs of Watrous v. McKie, 54 Texas, 71; Donley v. Bush, 44 Texas, 7; Wright v. Hayes, 34 Texas, 260; Bailey v. Rockwall Nat. Bank, 61 S. W., 531; Ablowich v. Greenville Nat. Bank, 22 Texas Civ. App., 272.

*Fleming & Fleming,* for appellee.

KEY, Associate Justice.—Appellants brought this suit against appellee for an alleged balance due upon a promissory note and to foreclose a mortgage upon certain personal property. The face of the note was

$2,127.50, and it bore interest at ten per cent. per annum. After the defendant had pleaded certain payments the plaintiffs, in a supplemental petition, admitted payments reducing the amount due to $1,613.80 and ten per cent. thereon as attorney's fees, which was stipulated in the note.

After filing a general demurrer, the defendant, in his answer, alleged: "And if required to answer further herein, and not otherwise, defendant says that he executed the note sued on in making a certain agreement or contract with the plaintiffs, of which the execution and delivery of the said note was a part. That the plaintiffs had charge of the premises now occupied by the defendant, and agreed that they would have executed and delivered to the defendant a lease therefor for a term of three years, and that they would make certain repairs on the residence and barn situated on said land, to wit, that they would ceil and repair the residence and paint the same, and would repair the barn, and would also place all pasture fences in first-class condition. That the defendant on his part promised and agreed, in consideration of the plaintiff executing and delivering or procuring the execution and delivery of a lease of said premises and making the aforesaid repairs, to pay $40.00 per month, payable monthly, for a term of three years, beginning January 1, 1903. That the said repairs agreed to be made by plaintiffs were of a reasonable value of $10 per month. That the plaintiffs have failed and refused to have executed and delivered a lease to this defendant of said premises, but that they did have defendant execute and deliver to the owner of said premises a certain writing signed by himself, wherein he agreed to keep the place for three years, but under the terms thereof he was compelled to remove therefrom any time within thirty days' notice from the owners thereof, and plaintiffs failed and refused, and still refuse, to make the repairs agreed on as aforesaid on the said premises, and their failure to make the said repairs damaged the defendant in the sum of $10 per month during the time he occupied said premises, and by reason of their failure to perform their promise as to making said repairs they became liable, and promised to pay the defendant the sum of $330.

"That on or about the date of the execution of the said note sued on the plaintiffs and defendant contracted and agreed to close, by a note, all the indebtedness due by defendant to plaintiffs, and all sums that were to become due by virtue of the rental contract herein to the plaintiffs, or to their principal, and which was in any event to be paid to the plaintiffs, and the defendant, acting in accord with said agreement, executed and delivered the said note sued on, and the real consideration was not exceeding $812.21; the full amount and only indebtedness of the defendant to plaintiffs at that time did not exceed $812.21, and defendant believes and charges that this indebtedness did not amount to this much, but is positive that it was no more than said $812.21, and the remainder of the consideration of said note was said advanced rent placed therein.

"That the defendant at the time knew that he owed said plaintiffs not exceeding $812.21, and plaintiffs, acting in and through C. C. Roberts, stated to the defendant at the time of the execution of the said note that the same included the rent to be paid on the said premises. That since the execution and delivery of the said note defendant has made payments aggregating the sum of $2,082.25 on said note in cash, the payments

being made on or about the following dates, to wit: 4-8-'03, $152.25; 5-5-'03, $80; 6-1-2-'03, $80; 8-21-'03, $80; 9-5-'03, $100; 10-10-'03, $100; 11-4-'03, $100; 12-10-'03, $100; 1-14-'04, $100; 2-9-'04, $100; 3-11-'04, $100; 4-9-'04, $100; 5-20-'04, $100; 6-7-'04, $100; 7-13-'04, $100; 9-15-'04, $100; 10-25-'04, $100; 5-5-'03, $80; 12-7-'04, $90; 12-21-'04, $80; 1-23-'05, $40; 4-10-'05, $50; 5-17-'05, $50; and in cattle the defendant has made the following payments to the plaintiffs on said note: On or about June 11, 1905, 24 head of cattle, $360, and on or about March or April, 1905, two cows, $50, which prices were agreed upon and the property was delivered to plaintiffs, and said amount should have been credited upon said note. That on or about the first day of April, 1903, defendant repaired fencing for the plaintiffs, for which the plaintiffs promised and agreed to pay him the sum of $73; that on or about the first day of April, 1903, the defendant furnished butter and eggs to the plaintiffs amounting to $5.85, and on or about the first day of April, 1903, the defendant did hauling for the plaintiffs for a reasonable value of $25; and that all of the said fencing and hauling was done at the request of the plaintiffs, and were of the reasonable value of above set out, and the butter and eggs were sold at the request of plaintiffs, and were of the reasonable value of $5.85, and each of which three items the plaintiffs promised and agreed to pay the defendant.

"That the plaintiffs, on the 26th day of September, 1905, notified the defendant that his lease or rent contract was canceled, and ordered him to move from said premises, which he has done, and by reason of the said removal, at the request and order of the principal, acting in and through their agent, plaintiffs herein, the plaintiffs became liable and promised to pay the defendant the sum of $120 advanced rent that was theretofore placed in the said note as before stated.

"That, though demand has been made for damages for the failure to make repairs, as agreed upon, and that defendant be allowed a credit on said rent contract for $120 for the unexpired time thereof, and for services of the defendant in doing the fencing and hauling, as set out, and for said butter and eggs, and plaintiffs have failed and refused, and still refuse, to pay the defendant said damages and sums for said services as set out. All of the above payments and other indebtedness, as set out against the plaintiffs in favor of the defendant, are proper charges against the plaintiffs, and aggregate the sum of $2,966.10, and the same being credited on the note sued on, according to the rules of partial payments, leave a balance of $603.85, which, by reason of the matters and things hereinbefore set out, the plaintiffs have become liable and promised to pay the defendant.

"That if the said amount for advanced rent was not placed in the said note as a part of the principal thereof, plaintiffs fraudulently, wilfully and knowingly misrepresented the facts as to what was covered by said note in this, that the said plaintiffs knew that the defendant owed them not exceeding $812.21, and knew that the defendant would not execute a note for the amount of the note sued on to close up the small amount due by defendant to plaintiffs at that time, and they, the plaintiffs, for the purpose of deceiving him, the defendant, told him that all of the rent to become due on said premises was placed in said note. Defendant, being an illiterate man, relied on their representations, and thereby was

induced to execute and deliver the same to them. If said rent was not placed in said note at its execution, plaintiffs falsely represented then and there that all he owed, together with said rent, amounted to the face of the said note, and defendant, relying upon said representations, was damaged in the sum of $1,500, together with interest thereon at the rate of ten per cent. per annum from the date of the execution of the said note, and by reason of the said fraud became liable and promised to pay the same to the defendant. That the defendant did not discover that plaintiffs denied that said rent was placed in said note as a part of the consideration thereof until the —— day of ——, 1905. That if the said advanced rent to be due to plaintiffs or their principal was not a part of the consideration of the said note, then the plaintiffs are due and liable to this defendant a sum equal to the difference between the indebtedness at the time of the execution of the said note, to wit, not exceeding $812.21, and the amount as before alleged, which is due by reason of the other obligations aforesaid from plaintiffs to defendant, as set out hereinbefore, to wit, the sum of $2,596.10, together with interest on said sum from the time each payment was made, now due and payable from plaintiffs to defendant.

"That defendant charges that the said writing, which was signed by defendant to be in the hands of the plaintiffs, and notifies the plaintiffs to produce the same at the trial of this cause, together with all letters and correspondence between them and any other parties relative to and connected with, and referring to, in any way, the execution and delivery of and consideration for said note, and also one chattel mortgage, executed and delivered to defendant by plaintiffs on or about the 11th day of January, 1902, filed for record January 18, 1902, and No. 1904 according to the chattel mortgage register of Jefferson County, Texas, and default of which secondary evidence will be offered as to contents of said instrument."

The defendant, in his prayer, asked for judgment against the plaintiffs for a balance alleged to be due him, for cancellation of the chattel mortgage sued on by the plaintiffs, and for general and special relief. The defendant verified his answer, stating under oath that the facts alleged therein as to the consideration of the note sued on were true.

At the trial the plaintiffs, by their counsel, admitted all the payments set up in the defendant's answer, and the court submitted to the jury the following question only: "Did the note of $2,127.50 herein sued upon include, as a part of its consideration, the rentals under said Cartwright and Roberts lease?" By their verdict the jury answered that question in the affirmative, and thereupon the court rendered judgment in favor of the defendant and against the plaintiff for the sum of $144.19, and canceling the note and mortgage sued upon, and the plaintiffs have prosecuted this appeal.

The defendant submitted testimony which amply supports the finding of the jury, and we therefore find, as a conclusion of fact, that the note sued on included as a part of the consideration the rentals under the Cartwright and Roberts lease contract with the defendant.

There are several assignments of error in appellants' brief, all of which involve substantially the same question of law, the contention being that, under the pleadings, the defendant was not entitled to submit oral tes-

timony to show that part of the consideration of the note sued on was the rents which he had agreed to pay under the Cartwright and Roberts lease, nor to have that question submitted to the jury. The record shows that the plaintiffs were the agents of Cartwright and Roberts, and, according to the defendant's testimony, while he signed a written instrument promising to pay the rents to Cartwright and Roberts, the amount of such rents which would accrue under the terms of the contract was added to the amount which the defendant was then indebted to the plaintiffs and placed in the note sued on.

The trial court seems to have taken this view of the case: That, while the lease contract was made with the plaintiffs, acting as agents for the owners of the premises, the rents to be paid by the defendant were not owing to the plaintiffs but to said owners, and therefore, to the extent that they were included in the note sued on, that obligation is without consideration, and not binding upon the defendant. We think that view is correct. By the terms of the lease contract, the defendant was to pay Cartwright and Roberts forty dollars monthly for three years, beginning January 1, 1903, and the lease had not expired when this suit was brought. Now, while the plaintiffs may have had authority to collect the rent as agents for the owners, it could not be used as a consideration for an obligation payable to them in their own right, and not as agents. If, merely because A is indebted to B, he executes a note payable to C, such indebtedness does not constitute a sufficient consideration, and the note is not a binding obligation. Of course, for a sufficient consideration, B could direct A to make the note payable to C, and it would then be valid. But that is not what was done in this case. The plaintiffs do not claim to have acquired Cartwright and Roberts' interest in the rents. But if it be conceded that they have, and that they had authority to incorporate the rent in the note, and make it payable to them individually, the fact remains that the defendant could be required to pay the rent but once, and the conceded payments were in excess of both the accrued rent and his original indebtedness to the plaintiffs. Therefore, in either view of the case, the finding of the jury that the rent was included in the note supports the judgment of the trial court, and that judgment is affirmed.

*Affirmed.*